

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
STEPHEN K. LEWIS,                       )
                                        )      No. C13-1512RSL
                    Plaintiff,          )
                                        )
        v.                              )
                                        )      ORDER GRANTING DEFENDANTS'
SOCIETY OF COUNSEL REPRESENTING         )      MOTION TO DISMISS
ACCUSED PERSONS, *et al.*,              )
                                        )
                    Defendants.         )
_____)

        This matter comes before the Court on "Defendant SCRAP's Motion for Dismissal

on the Pleadings Under FRCP 12(c)" (Dkt. # 14) and defendant King County's joinder therein

(Dkt. # 15).  Plaintiff alleges that defendant Society of Counsel Representing Accused Persons

("SCRAP") negligently hired an attorney who was subject to disciplinary proceedings in another

state, that the attorney was ineffective when defending plaintiff on charges of identity theft, and

that SCRAP and King County are liable for the deprivation of plaintiff's constitutional right to

the assistance of counsel and for breach of fiduciary duty/negligent hiring.  Plaintiff seeks to

represent a class of all indigent criminal defendants whose representation was or will be assigned

to SCRAP.  Plaintiff seeks equitable relief in the form of an order directing defendants to review

the files of any convicted class members whose attorney was the subject of a disciplinary

proceeding (including plaintiff) to determine whether there is grounds for a petition for post-

conviction relief and the payment of all fees and expenses associated with seeking such post-

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

conviction relief.[1]  Defendants seek dismissal of all of plaintiff's claims.

Where, as here, a motion under Fed. R. Civ. P. 12(c) is used to raise the defense of failure to state a claim, the Court's review is the same as it would have been had the motion been filed under Fed. R. Civ. P. 12(b)(6).  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  Although the Court's review under Rule 12(b)(6) is generally limited to the contents of the complaint (Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996)), Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted (United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003)).  The Washington Court of Appeals decision and the court records related to plaintiff's Pierce County acquittal fall within one or more of these categories.  For purposes of this motion, therefore, the allegations of the complaint and the contents of these documents are accepted as true and construed in the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

---

[1]  The complaint asserts a claim of "equitable indemnification," but plaintiff has not alleged any facts that could support such a claim.  Having reviewed plaintiff's opposition, it is clear that plaintiff is actually seeking equitable relief (in the form of a file review and payment of fees and expenses incurred if a post-conviction petition is warranted) as a remedy for the denial of his right to the effective assistance of counsel, not as a stand-alone cause of action.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                              -2-

Having reviewed the papers submitted by the parties, the Court finds as follows:

## BACKGROUND

In June 2008, plaintiff was charged with identity theft in King County Superior Court.  Pursuant to its contract with King County, SCRAP undertook plaintiff's defense and assigned Seth Conant to represent plaintiff.  In June 2009, attorney Kate Lynn moved to Washington, was hired by SCRAP, and substituted as counsel for plaintiff.  At the time, Lynn was subject to disciplinary proceedings before the Supreme Court of Pennsylvania related to an overdraft on a client trust account.  SCRAP failed to inquire regarding the pendency of any disciplinary proceedings before hiring Lynn.  Plaintiff was unaware that Lynn was the subject of disciplinary proceedings while she was representing him and would have objected to the representation had he known.

Plaintiff was tried on the identity theft charge in February 2010.  Plaintiff alleges that the representation provided by Lynn during trial was ineffective for three reasons.  First, she was the subject of the above-described disciplinary proceedings in Pennsylvania and should therefore be deemed per se unqualified to provide representation.  Second, Lynn failed to object to questioning regarding plaintiff's appearance of truthfulness and/or forthrightness.[2]  Third, Lynn did not obtain her client's approval before informing the King County Superior Court that double jeopardy did not preclude the prosecution and failing to create a record that would preserve that issue on appeal.  Plaintiff was found guilty and sentenced on April 13, 2010.  Lynn left SCRAP's employ shortly thereafter.  Plaintiff appealed the conviction and was represented by an appellate expert from a different firm.  Appellate counsel argued that Lynn was ineffective when she failed to object to the question regarding truthfulness and that the state was collaterally

---

[2]  The prosecutor asked the lead detective, "Did [Lewis] ever appear hesitant or reluctant to talk with you?" to which the detective responded, "Only when providing answers.  He seemed hesitant to provide a truthful answer, in my opinion, but he didn't appear to be otherwise hesitant or refused [sic] to answer my questions."

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                          -3-

estopped from pursuing the identity theft charges because plaintiff had been acquitted of similar charges in Pierce County.  The Washington Court of Appeals found that the detective's opinion regarding plaintiff's demeanor was not an explicit or nearly explicit opinion on plaintiff's guilt and did not invade the right to a jury.  Even if the questioning were objectionable, the appellate court would not have found reversible error because Lynn's failure to object was deemed tactical and based on a desire to avoid drawing the jurors' attention to the testimony.  The state court rejected the collateral estoppel argument because the record contained no evidence regarding the Pierce County prosecution.  Plaintiff's conviction was affirmed on January 17, 2012.[3]

Lynn was disbarred in Pennsylvania on December 22, 2011, and in Washington on June 12, 2012.  Plaintiff alleges that he learned of Lynn's disciplinary problems at some unspecified time in 2012.  Plaintiff filed this action on August 2, 2013.

## DISCUSSION

### A.  Sixth Amendment of the United States Constitution

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  The right to the assistance of counsel requires more than simply having "a person who happens to be a lawyer . . . present at trial alongside the accused."  Strickland v. Washington, 466 U.S. 668, 685 (1984).  Counsel must be capable of "playing a role that is critical to the ability of the adversarial system to produce just results."  Id.  In order to prove that counsel's assistance was constitutionally inadequate, a defendant must show that counsel's performance (a) fell below an objective standard of reasonableness and (b) prejudiced the defense.  Id. at 687.  Judicial scrutiny of ineffective assistance of counsel claims must be highly deferential, however, in order to eliminate "the distorting effects of hindsight."  Id. at 689.  The

---

[3] Plaintiff filed two Personal Restraint Petitions ("PRPs") in the Washington Court of Appeals, Division I.  The first was denied on January 3, 2012.  The second was denied on November 14, 2012.  The Washington Supreme Court denied review on May 28, 2013.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                    -4-

reasonableness of counsel's challenged conduct must be determined based on the facts of the particular case, viewed as of the time of counsel's decision. <u>Id.</u> at 690.  The analysis must start with a strong presumption that counsel's performance was sound trial strategy that fell within the wide range of reasonably effective assistance.  <u>Id.</u> at 689-90.  Even if a constitutional deficiency is identified, reversal of a conviction will occur only if defendant shows "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Id.</u> at 687.

### 1. Pending Disciplinary Proceedings

To the extent plaintiff is asserting that Lynn was ineffective because there were disciplinary proceedings pending against her while she was representing plaintiff (and other absent class members), the claim fails as a matter of law.  The mere pendency of disciplinary proceedings does not necessarily mean that counsel is unqualified or impaired in any way:  the vast majority of disciplinary actions involve a failure to pay an annual fee, a failure to take continuing legal education classes, or a recordkeeping failure, deficiencies that are easily remedied and do not reflect adversely on an attorney's legal acumen.  <u>See Young v. Runnels</u>, 435 F.3d 1038, 1043 (9th Cir. 2006) ("[M]erely because [a lawyer] is subject to disciplinary proceedings while representing a client does not mean that he is presumptively incapable of providing effective assistance.").  The fact that an attorney is subject to disciplinary proceedings is not a substitute for the factual showing required under <u>Strickland</u>.  There is no per se rule that attorney discipline, even suspension or disbarment during the representation at issue, automatically constitutes ineffective assistance of counsel.  <u>United States v. Mouzin</u>, 785 F.2d 682, 696-98 (9th Cir. 1986) (specific errors and prejudice must be shown even where attorney continued the representation after he was suspended or disbarred).  The Pennsylvania proceedings at issue in this case were unrelated to Lynn's representation of plaintiff and do not establish either a deficiency in her performance or prejudice to plaintiff.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                                    -5-

Plaintiff argues that he does not "as yet know the extent to which Ms. Lynn's many disciplinary problems affected, or may have affected, her representation of Mr. Lewis and others" and requests that the Court allow discovery to go forward in an effort to obtain facts that would support his ineffective assistance of counsel claim. Opposition (Dkt. # 19) at 15. Under Twombly, plaintiff must do more than simply assert that counsel provided ineffective assistance: he must plead enough facts to raise a right to relief above the speculative level, such that the asserted claim is not merely possible, but "plausible." 550 U.S. at 555. A formulaic recitation of the elements of the claim is subject to dismissal, notwithstanding plaintiff's hope that discovery will reveal facts that could support the claim.

**2. Questioning of Detective Newell**

On direct appeal, plaintiff unsuccessfully litigated his claim that Lynn was constitutionally ineffective when she allowed the prosecutor to question the lead detective regarding plaintiff's truthfulness and forthrightness. The doctrine of collateral estoppel precludes plaintiff from relitigating an issue decided adversely in a state court proceeding if (1) the state court afforded the federal plaintiff a full and fair opportunity to litigate the issue (Silverton v. Dep't of Treasury, 644 F.2d 1341, 1346-47 (9th Cir. 1981)) and (2) the state courts would give the initial decision collateral estoppel effect (Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993)). Both elements are met here. See Barr v. Day, 124 Wn.2d 318, 324-25 (1994) (enumerating requirements of collateral estoppel under Washington law). Having had a full and fair opportunity to assert Lynn's alleged ineffectiveness as a basis for relief from the conviction entered against him, plaintiff may not relitigate the same issue here.

In addition, plaintiff may not assert a civil rights claim for damages under 42 U.S.C. § 1983 unless and until the underlying conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477 (1994). The proper avenue for challenging the fact or duration of

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                    -6-

confinement is to file a writ of habeas corpus, with all of its attendant procedural requirements. Preiser v. Rodriquez, 411 U.S. 475 (1973).  Plaintiff is obviously challenging the appropriateness of his conviction:  he seeks an order compelling defendants to evaluate his case file and seek post-conviction relief challenging the constitutionality of his conviction if warranted.  Such claims are barred.[4]

### 3. Double Jeopardy Argument

In November 2008, plaintiff was charged with identity theft in Pierce County.  A police officer compared surveillance photos taken in connection with the charges asserted in the King County prosecution at issue in this case to photos of the suspect in the Pierce County case and determined that they were the same person.  Because plaintiff had identified himself in the surveillance photos related to the King County charges, a Pierce County charge was also levied against him.  Plaintiff denied that the person in the Pierce County photos was him, however, and he was ultimately acquitted on the Pierce County charge.

Plaintiff argues that Lynn was ineffective in her response to the Pierce County acquittal.  While the nature of the alleged error is not entirely clear, it appears plaintiff is arguing that, even though Lynn did not believe that double jeopardy attached because of the Pierce County proceeding, she should have taken steps to preserve the issue on appeal.  Plaintiff is essentially challenging Lynn's legal analysis of the double jeopardy issue, a determination that was eminently reasonable under the circumstances.  The Pierce County prosecution involved a separate and distinct offense and did not resolve or even touch upon plaintiff's guilt or innocence for the crimes asserted in the King County case.  Neither double jeopardy nor collateral estoppel

---

[4] Plaintiff argues that he should not be required to invalidate his conviction prior to seeking relief in this lawsuit because he no longer has the assistance of counsel to help him seek post-conviction relief.  Plaintiff offers no legal authority in support of his argument, nor is there any indication that Heck v. Humphrey applies only where the state provides a public defender for all stages of the criminal proceeding, whether direct or collateral.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                       -7-

applies in such circumstances (<u>Barr</u>, 124 Wn.2d at 324-25; <u>State v. Eggleston</u>, 129 Wn. App. 418, 426 (2005)), and Lynn's failure to preserve a meritless argument for appeal did not make her representation ineffective (<u>Featherstone v. Estelle</u>, 948 F.2d 1497, 1507 (9th Cir. 1991) ("[P]etitioner was not prejudiced by appellate counsel's decision not to raise issues that had no merit."); <u>Gustave v. United States</u>, 627 F.2d 901, 906 (9th Cir. 1980) ("There is no requirement that an attorney appeal issues that are clearly untenable.").

**B. Article I, section 22 of the Washington State Constitution**

Article I, section 22 of the Washington State Constitution's Declaration of Rights, which was copied from the constitutions of older states rather than from the federal Bill of Rights, provides in relevant part, "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel . . . ." <u>See</u> <u>State v. Silva</u>, 107 Wn. App. 605, 617-19 (2001). The Washington legislature has not enacted augmentative legislation (such as 42 U.S.C. § 1983) or otherwise provided a method for vindicating rights conferred by the state constitution, and "Washington courts have consistently refused to recognize a cause of action in tort for violations of the state constitution" in the absence of such legislative direction. <u>Janaszak v. State</u>, 173 Wn. App. 703, 734 (2013). <u>See</u> <u>also</u> <u>Blinka v. Wash. State Bar Ass'n</u>, 109 Wn. App. 575, 591 (2001) (finding that in the absence of legislative guidance regarding what is or is not appropriate compensation for the loss of a state constitutional right and what limitations on liability should be imposed, the judiciary should refuse to recognize an implied cause of action under the state constitution). While acts that are violative of a constitutional protection may be declared void by the courts, the state constitution does not, standing alone, provide a private cause of action. <u>Sys. Amusement, Inc. v. State</u>, 7 Wn. App. 516, 518 (1972).[5]

---

[5] The one exception appears to be the judicially-recognized cause of action for inverse condemnation under Art. I, § 16. <u>See</u> <u>Brown v. Pierce County</u>, 28 Wash. 345 (1902); <u>Wilshire v. Seattle</u>, 154 Wash. 1 (1929); <u>Sys. Amusement</u>, 7 Wn. App. at 519. Plaintiff's claims do not in any way relate to Art. I, § 16. Nor does the rationale of <u>Wilshire</u> compel the conclusion that a state constitutional

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                    -8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff, recognizing that his Art. I, § 22 claim "may require modification, clarification and/or over-turning [of] Washington case law" in order to survive, requests that the matter be certified to the Washington Supreme Court for consideration. Opposition (Dkt. # 19) at 12. Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." State law has, however, been clearly established on this issue. Except in the context of an inverse condemnation claim, Washington courts have uniformly rejected claims brought directly under the state constitution. Plaintiff may vindicate his right to counsel on appeal and/or in post-conviction proceedings or he may pursue negligence/malpractice or negligent hiring claims as the facts permit. As was the case in <u>Reid v. Pierce County</u>, 136 Wn.2d 195, 213-14 (1998), plaintiff has "not presented a reasoned or principled basis upon which to construct a constitutional cause of action, nor [has he] established why a constitutional cause of action is more appropriate than the common law cause of action which already exists." Certification of the issue to the Washington Supreme Court is not necessary in these circumstances.[6]

---

remedy must exist in the circumstances presented here. Unlike the inverse condemnation setting where a failure to provide compensation for a taking may go unremedied if the state abandons the property before trial, plaintiff's Sixth Amendment right could be vindicated on direct appeal or in post-conviction proceedings, making it unnecessary to recognize a separate private cause of action.

[6] In addition, plaintiff has not alleged facts from which one could reasonably infer that Lynn's representation fell below an objective standard of reasonableness or materially impacted the outcome of the proceeding. <u>In re Davis</u>, 152 Wn.2d 647, 672-73 (2004); <u>State v. Yarbrough</u>, 151 Wn. App. 66, 89-90 (2009). Thus, even if plaintiff could allege an ineffective assistance of counsel claim directly under Art. I, § 22, he has failed to adequately plead a claim upon which relief can be granted.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                    -9-

**C. Breach of Fiduciary Duty/Negligent Hiring**

In order to state a claim for negligent hiring, plaintiff must assert facts giving rise to a plausible inference that (1) SCRAP and/or King County knew or, in the exercise of ordinary care, should have known of Lynn's unfitness at the time of hiring and (2) Lynn's employment proximately caused plaintiff's injury. <u>Carlsen v. Wackenhut Corp.</u>, 73 Wn. App. 247, 252 (1994). Plaintiff has not properly alleged either of these elements. As discussed above, the pending disciplinary proceedings did not make Lynn unfit at the time of hiring, there is no indication that her legal judgment or acumen were impaired, and her representation of plaintiff fell well within the bounds of reasonable effectiveness expected of counsel. Having failed to raise a plausible inference of either unfitness or causation, plaintiff has failed to state a claim upon which relief can be granted.

**CONCLUSION**

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED. Because the alleged and judicially-noticed facts show that amendment would be futile, leave to amend will not be granted and the Clerk is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 11th day of December, 2013.

Robert S. Lasnik
United States District Judge